## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

**MARJORIE JONES, INDIVIDUALLY,**
**and AS THE SPOUSE AND**
**NEXT OF KIN OF HER HUSBAND**
**FREDDIE LEE JONES, DECEASED**                                        **PLAINTIFF**

**VS.**                                                    CAUSE NO: A2401-22-290

**COMBE, INC. and KATY**
**BEAUTY SUPPLY, LLC,**                                              **DEFENDANTS**



F I L E D
SEP 08 2022
CONNIE LADNER
CIRCUIT CLERK
By _____ D.C.

**COMPLAINT**

### JURY TRIAL REQUESTED

COME NOW, the Plaintiff, MARJORIE JONES, individually and as Spouse and Next of

Kin of her Husband FREDDIE LEE JONES (deceased), and files this Complaint against the

Defendants, by and through counsel, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter and venue is proper in the Circuit Court

of Harrison County, Mississippi in accordance with § 11-11-3 of the Mississippi Code Annotated,

as amended.  This Court has subject matter jurisdiction of this matter pursuant to the provisions

of § 9-7-81 in that the subject matter of this litigation is not made exclusively cognizable in some

other Court by the Constitution and laws of this state, and the principal of the amount in

controversy is within the jurisdictional limit of this Court. Further, the Federal Courts lack subject

matter jurisdiction over this action, as there is no Federal question and there is incomplete diversity

due to the presence of Mississippi resident Defendant Katy Beauty Supply, LLC, whose principal

place of business is listed with the Mississippi Secretary of State is listed in Gulfport, Mississippi,

as explained below. Accordingly, removal is improper. No claim of admiralty or maritime law is

1

raised. Plaintiff sues no foreign state or agency.

## PARTIES

2.    Plaintiff Marjorie Jones is an adult resident of Gulfport, Harrison County, Mississippi. At all times relevant, Plaintiff Marjorie Jones and her husband, Freddie Lee Jones (deceased) were citizens and residents of Gulfport, Harrison County, Mississippi.

3.    Freddie Lee Jones' known heirs are Marjorie Jones (Wife), Jermaine Durr (natural son), Freddie Durr (natural son), Samonia Barnes (natural daughter), Demetrius Jones (natural son), Jamon Jones (natural son), and Breanna Jones (natural daughter).

4.    Determination of heirship is pending with The Chancery Court of Harrison County, Mississippi.

5.    At all times material hereto, Defendant Combe, Inc. (Hereinafter "Combe") is a Delaware corporation with its principal place of business at 1101 Westchester Avenue, White Plains, NY 10604.

6.    Combe is in the business of and derives substantial profit from designing, engineering, manufacturing, distributing, supplying, marketing, testing, and selling a wide range of beauty and healthcare products.

7.    Combe designed, engineered, manufactured, tested, distributed and sold Just 5 Ammonia-Free Permanent Haircolor (J-50 Jetblack) (hereinafter "Just 5 Beard Dye"), which was a beard dye purchased and used by Freddie Lee Jones (deceased).

8.    Defendant Katy Beauty Supply, LLC (hereinafter "Katy Beauty") is a Texas Limited Liability Company, with its principal place of business at 75 Hardy Court Shopping Center, Gulfport, Mississippi 39507. Katy Beauty is registered with and authorized by the

2

Mississippi Department of State to do business in Mississippi. Katy Beauty can be served through its registered agent for service of process in Mississippi, which is Sangsoo Park, 75 Hardy Court Shopping Center, Gulfport, MS 39507.

9.     Katy Beauty is in the business of and derives substantial profit from importing, distributing, supplying, marketing, testing, recommending, advertising, and selling a wide variety of beauty and personal care products.

10.     Katy Beauty imported, distributed, recommended, marketed, advertised, and sold the Just 5 Beard Dye to Marjorie Jones for her husband Freddie Lee Jones (deceased).

## FACTS

11.     This is an action for Strict Liability and Negligence arising from a defective and unreasonably dangerous product – the subject Just 5 Beard Dye.

12.     Plaintiff Marjorie Jones brings this action against Defendants for their respective roles in designing, manufacturing, importing, distributing, advertising, marketing, recommending, warning, supplying, and selling the Just 5 Beard Dye to Freddie Lee Jones (deceased).

13.     In early April 2021, Marjorie Jones purchased the Just 5 Beard Dye from Defendant Katy Beauty in Gulfport, Harrison County, Mississippi.

14.     Mrs. Jones asked the employees at Katy Beauty for the sensitive skin hair dye and was directed to an end display with the subject Just 5 Beard Dye.

15.     The day before he used the Just 5 Beard Dye, Freddie Jones performed a patch test on his skin with the subject Just 5 Beard Dye and had no reaction.

16.     However, on or about April 3, 2021, Freddie Lee Jones (deceased) applied the Just 5 Beard Dye to his head.

3

EXHIBIT ONE - COMPLAINT

17.   Mr. Jones suffered a reaction to the subject Just 5 Beard Dye. He was able to get out of the shower after washing out the beard dye, but passed out in Mrs. Jones' vehicle as she drove him to the hospital.

18.   Mr. Jones, unfortunately, never regained consciousness and ultimately died on April 10, 2021.

19.   Freddie Lee Jones Death Certificate lists his cause of death as "Anoxic Encephalopathy due to Anaphylaxis."

20.   The subject Just 5 Beard Dye is defective in its design, manufacture, and warning.

21.   The subject Just 5 Beard Dye's defective condition actually and proximately caused Freddie Lee Jones' death and Plaintiff's injuries and damages.

22.   At the time Combe placed the subject Just 5 Beard Dye into the stream of commerce, Combe knew or should have known that the subject Just 5 Beard Dye was defective in its design, manufacture, and warning and was otherwise unsafe for its intended and foreseeable uses.

23.   At the time Katy Beauty placed the subject Just 5 Beard Dye into the stream of commerce, Katy Beauty knew or should have known that the subject Just 5 Beard Dye was defective in its design, manufacture, and warning and was otherwise unsafe for its intended and foreseeable uses.

## CONDITIONS PRECEDENT

24.   All conditions precedent have been satisfied or excused.

## COUNT I – DEFECTIVE PRODUCTS – DEFENDANT KATY BEAUTY

25.   Plaintiff realleges and reincorporates paragraphs 1 through 24 of the Complaint as

4

if fully stated herein

26.    Katy Beauty is engaged in the business of selling and distributing a wide variety of beauty products, supplies, and hair dyes to the public, including selling the subject Just 5 Beard Dye to Plaintiff for her husband Freddie Jones (deceased).

27.    Katy Beauty imported, distributed, supplied, marketed, advertised, and/or sold the subject Just 5 Beard Dye and otherwise placed the subject Just 5 Beard Dye into the stream of commerce.

28.    At the time Katy Beauty sold the subject Just 5 Beard Dye to Plaintiff for her husband Freddie Jones, Katy Beauty expressly represented that the product was suitable for persons with sensitive skin.

29.    Pursuant to Miss. Code Ann. §11-4-63, at the time the subject Just 5 Beard Dye left Katy Beauty's control:

a.    The subject Just 5 Beard Dye was defective because it deviated in a material way form the specifications or form otherwise identical units manufactured to the same manufacturing specifications; and/or

b.    The subject Just 5 Beard Dye was defective because it failed to contain adequate warnings or instructions; and/or

c.    The subject Just 5 Beard Dye breached an express warranty and/or failed to conform to express factual representations upon which Plaintiff justifiably relied in electing to use the product – including Katy Beauty's recommendation of the product for sensitive skin; and/or

d.    The defective condition rendered the subject Just 5 Beard Dye unreasonably dangerous to the user or consumer, including Plaintiff's husband Freddie Jones, for its intended and foreseeable use; and/or

e.    The defective and unreasonably dangerous condition of the subject Just 5 Beard Dye proximately caused the harms, injuries, and damages for which recovery is sought in this Complaint.

30. The subject Just 5 Beard Dye's defective condition existed at the time the subject Just 5 Beard Dye left Katy Beauty's final possession, custody, and control.

31. Katy Beauty knew or should have known that the ultimate users or consumers would not or could not properly inspect the subject Just 5 Beard Dye for the dangerous conditions described herein and that the detection of such defects and dangers would be beyond the capabilities of such persons.

32. The subject Just 5 Beard Dye remained substantially unchanged from the time it left Katy Beauty's final possession, custody, and control to the time of the incident giving rise to this lawsuit.

33. The harms, injuries, and damages Plaintiff seeks to recover compensatory damages for were not caused by any inherent characteristics of the subject Just 5 Beard Dye which is a generic aspect of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability, and/or which was recognized by the ordinary person with the ordinary knowledge common to the community at the time Plaintiff purchased and used the subject Just 5 Beard Dye.

34. At the time the subject Just 5 Beard Dye left Katy Beauty's control, Katy Beauty knew or in light of reasonably available knowledge should have known about the danger that caused the harms, injuries, and damages to the Plaintiff for which recovery is sought in this Complaint and Katy Beauty knew or in light of reasonably available knowledge should have known that the ordinary user or consumer, such as Freddie Jones (deceased), would not realize the subject Just 5 Beard Dye's dangerous condition.

35. Katy Beauty knew or should have known that using the subject Just 5 Beard Dye

6

in the manner Katy Beauty expected and/or intended for consumers, including Freddie Jones, posed a risk of serious harms and injuries. Plaintiff further alleges that Katy Beauty markets the subject Just 5 Beard Dye to consumers that lack the knowledge to be able to appreciate the dangerous condition of the subject Just 5 Beard Dye.

36.    At the time Plaintiff purchased and Freddie Jones used the subject Just 5 Beard Dye, Plaintiff did not (i) have knowledge of a condition of the subject Just 5 Beard Dye that was inconsistent with its safety; (ii) appreciate the danger in the condition of the subject Just 5 Beard Dye; and/or (iii) deliberately and voluntarily chose to expose themselves to the danger in such a manner to register assent on the continuance of the dangerous condition.

37.    At the time Plaintiff purchased and Freddie Jones used the subject Just 5 Beard Dye, the danger posed by the Just 5 Beard Dye was not known to, and was not open and obvious to, Plaintiff, Freddie Jones, or any ordinary and expected consumer or user of the product; and should not have been known or open and obvious to Plaintiff, to Freddie Jones, and/or to any ordinary and expected consumer or user of the product, taking into account the characteristics of and the ordinary knowledge common to the persons who ordinarily use or consumer the product.

38.    At the time the subject Just 5 Beard Dye left the control of Katy Beauty:

    a.  Katy Beauty knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the danger that caused the harms, injuries, and damages for which recovery is sought in the Complaint; and/or

    b.  The subject Just 5 Beard Dye failed to function as expected by Plaintiff and her husband Freddie Jones and there existed a feasible design alternative that would have to a reasonable probability prevented the harms, injuries, and damages sought in this Complaint; which feasible design alternative would have to a reasonable probability prevented the harms, injuries, and damages suffered by the Plaintiff and her husband Freddie Jones (deceased) without impairing the utility, usefulness, practicality, or desireabiltiy of the product to users or consumers.

39.     As a direct and proximate result of the foregoing defective condition of the subject Just 5 Beard Dye and Katy Beauty's strictly liable conduct, the Plaintiff sustained the damages complained of herein.

**WHEREFORE,** Plaintiff Marjorie Jones demands judgment for any and all damages available under all applicable Mississippi law against Defendant Katy Beauty Supply, LLC and for such other and further relief deemed proper by the Court.

## COUNT II – BREACH OF WARRANTY – KATY BEAUTY

40.     Plaintiff realleges and reincorporates paragraphs 1 through 40 of the Complaint as if fully stated herein.

41.     Pursuant to Miss. Code Ann. § 11-1-63, as amended, the subject Just 5 Beard Dye breached an express warranty or failed to conform to other express facts or representations upon which Plaintiff justifiably relied in electing to purchase and use the subject Just 5 Beard Dye inasmuch as the subject Just 5 Beard Dye failed to perform as warranted and failed to conform with the express factual representation that the Just 5 Beard Dye was a safe and suitable product for Plaintiff's husband, Freddie Jones, and for sensitive skin application.

42.     Katy Beauty warranted that the subject Just 5 Beard Dye was free of defects, was of merchantable quality, and was fit for the purposes and manners intended.

43.     Plaintiff relied upon Katy Beauty's express and implied warranties.

44.     It was reasonable to expect that Plaintiff would use and depend upon the safe performance and application of the subject Just 5 Beard Dye.

45.     Katy Beauty negligently, wantonly, and recklessly violated its warranties by selling and marketing the subject Just 5 Beard Dye which was not merchantable for its intended uses.

8

WHEREFORE, Plaintiff Marjorie Jones demands judgment for any and all damages available under all applicable Mississippi law against Defendant Combe, Inc. and for such other and further relief deemed proper by the Court.

## COUNT III – NEGLIGENCE – KATY BEAUTY

45.    Plaintiff realleges and reincorporates paragraphs 1 through 44 of the Complaint as if fully stated herein.

46.    Katy Beauty imported, distributed, supplied, marketed, advertised, and/or sold the subject Just 5 Beard Dye and otherwise placed the subject Just 5 Beard Dye into the stream of commerce.

47.    Katy Beauty intended or reasonably foresaw that the Plaintiff's husband, Freddie Jones, would use the subject Just 5 Beard Dye.

48.    Katy Beauty knew or should have known that the ultimate users or consumers would not or could not properly inspect the subject Just 5 Beard Dye for the dangerous conditions described herein and that the detection of such defects and dangers would be beyond the capabilities of such persons.

49.    The subject Just 5 Beard Dye is defective in its design, manufacture, and warning as alleged in the immediately preceding Count for Strict Liability of Katy Beauty.

50.    Katy Beauty owed a duty to the Plaintiff and her husband Freddie Jones as consumers to test, inspect, supply, distribute, and sell the subject Just 5 Beard Dye in a reasonably safe condition and without defect so as not to present a danger to person who would reasonably and foreseeably use the subject Just 5 Beard Dye, including the Plaintiff's husband Freddie Jones.

51.    Katy Beauty owed a duty to the Plaintiff and her husband Freddie Jones (deceased)

to provide adequate warnings and instructions about the dangers associated with using the subject

Just 5 Beard Dye and how to protect against these dangers.

52.    Katy Beauty owed a duty to the Plaintiff and her husband Freddie Jones (deceased)

to properly market and recommend a product suitable for sensitive skin.

53.    Combe breached the above duties.

54.    As a direct and proximate result of the foregoing negligence of Combe, and their

actions and inactions, the Plaintiff sustained the damages complained of herein.

**WHEREFORE,** Plaintiff Marjorie Jones demands judgment for any and all damages

available under Mississippi law against Defendant Katy Beauty and for such other and further

relief deemed proper by the Court.

### COUNT IV – DEFECTIVE PRODUCTS – DEFENDANT COMBE

55.    Plaintiff realleges and reincorporates paragraphs 1 through 54 of the Complaint as

if fully stated herein.

56.    Combe designed, engineered, manufactured, imported, distributed, supplied,

marketed, advertised, and/or sold the subject Just 5 Beard Dye and otherwise placed the subject

Just 5 Beard Dye into the stream of commerce.

57.    Pursuant to Miss. Code Ann. § 11-1-63, at the time the subject Just 5 Beard Dye

left Combe's control:

      a.  The subject Just 5 Beard Dye was defective because it deviated in a material way
         from the specifications or from otherwise identical units manufactured to the same
         manufacturing specifications and/or

      b.  The subject Just 5 Beard Dye was defective because it failed to contain adequate
         warnings or instructions; and/or

      c.  The subject Just 5 Beard Dye breached an express warranty or failed to conform to

10

other express factual representations upon which Plaintiff justifiably relied in electing to use the product; and/or

d.  The defective condition rendered the subject Just 5 Beard Dye unreasonably dangerous to the user or consumer, including Plaintiff, for its intended or foreseeable use; and/or

e.  The defective and unreasonably dangerous condition of the Subject Just 5 Beard Dye proximately caused the harms, injuries, and damages for which recovery is sought in this Complaint.

58.     The subject Just 5 Beard Dye's defective condition existed at the time the subject

Just 5 Beard Dye left Combe's final possession, custody, and control.

59.     Combe knew or should have known that the ultimate users or consumers would not

or could not properly inspect the subject Just 5 Beard Dye for the dangerous conditions described

herein and that the detection of such defects and dangers would be beyond the capabilities of such

persons.

60.     The subject Just 5 Beard Dye remained substantially unchanged from the time it

left Combe's final possession, custody, and control to the time of the incident giving rise to this

lawsuit.

61.     The harms, injuries, and damages Plaintiff seeks to recover compensatory damages

for were not caused by any inherent characteristics of the subject Just 5 Beard Dye which is a

generic aspect of the product that cannot be eliminated without substantially compromising the

product's usefulness or desirability, and/or which was recognized by the ordinary person with the

ordinary knowledge common to the community at the time Plaintiff purchased and used the subject

Just 5 Beard Dye.

62.     At the time the subject Just 5 Beard Dye left Combe's control, Combe knew or in

light of reasonably available knowledge should have known about the danger that caused the

11

harms, injuries, and damages to the Plaintiff for which recovery is sought in this Complaint and Combe knew or in light of reasonably available knowledge should have known that the ordinary user or consumer, such as Freddie Jones (deceased), would not realize the subject Just 5 Beard Dye's dangerous condition.

63.     Combe knew or should have known that using the subject Just 5 Beard Dye in the manner Combe expected and/or intended for consumers, including Freddie Jones, posed a risk of serious harms and injuries. Plaintiff further alleges that Combe markets the subject Just 5 Beard Dye to consumers that lack the knowledge to be able to appreciate the dangerous condition of the subject Just 5 Beard Dye.

64.     At the time Plaintiff purchased and Freddie Jones used the subject Just 5 Beard Dye, Plaintiff did not (i) have knowledge of a condition of the subject Just 5 Beard Dye that was inconsistent with its safety; (ii) appreciate the danger in the condition of the subject Just 5 Beard Dye; and/or (iii) deliberately and voluntarily chose to expose themselves to the danger in such a manner to register assent on the continuance of the dangerous condition.

65.     At the time Plaintiff purchased and Freddie Jones used the subject Just 5 Beard Dye, the danger posed by the Just 5 Beard Dye was not known to, and was not open and obvious to, Plaintiff, Freddie Jones, or any ordinary and expected consumer or user of the product; and should not have been known or open and obvious to Plaintiff, to Freddie Jones, and/or to any ordinary and expected consumer or user of the product, taking into account the characteristics of and the ordinary knowledge common to the persons who ordinarily use or consumer the product.

66.     At the time the subject Just 5 Beard Dye left the control of Combe:

    a.  Combe knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the danger that caused the harms,

12

injuries, and damages for which recovery is sought in the Complaint; and/or

b. The subject Just 5 Beard Dye failed to function as expected by Plaintiff and her husband Freddie Jones and there existed a feasible design alternative that would have to a reasonable probability prevented the harms, injuries, and damages sought in this Complaint; which feasible design alternative would have to a reasonable probability prevented the harms, injuries, and damages suffered by the Plaintiff and her husband Freddie Jones (deceased) without impairing the utility, usefulness, practicality, or desireabiltiy of the product to users or consumers.

67.    As a direct and proximate result of the foregoing defective condition of the subject Just 5 Beard Dye and Combe's strictly liable conduct, the Plaintiff sustained the damages complained of herein.

**WHEREFORE**, Plaintiff Marjorie Jones demands judgment for any and all damages available under all applicable Mississippi law against Defendant Combe, Inc. and for such other and further relief deemed proper by the Court.

## <u>COUNT V – NEGLIGENCE – DEFENDANT COMBE</u>

68.    Plaintiff realleges and reincorporates paragraphs 1 through 67 of the Complaint as if fully stated herein.

69.    Combe designed, engineered, manufactured, imported, distributed, supplied, marketed, advertised, and/or sold the subject Just 5 Beard Dye and otherwise placed the subject Just 5 Beard Dye into the stream of commerce.

70.    Combe intended or reasonably foresaw that the Plaintiff's husband, Freddie Jones, would use the subject Just 5 Beard Dye.

71.    Combe knew or should have known that the ultimate users or consumers would not or could not properly inspect the subject Just 5 Beard Dye for the dangerous conditions described herein and that the detection of such defects and dangers would be beyond the capabilities of such

EXHIBIT ONE - COMPLAINT

persons.

72.     The subject Just 5 Beard Dye is defective in its design, manufacture, and warning as alleged in the immediately preceding Count for Strict Liability of Combe.

73.     Combe owed a duty to the Plaintiff and her husband Freddie Jones as consumers to properly design, engineer, manufacture, test, inspect, supply, distribute, and sell the subject Just 5 Beard Dye in a reasonably safe condition and without defect so as not to present a danger to person who would reasonably and foreseeably use the subject Just 5 Beard Dye, including the Plaintiff's husband Freddie Jones.

74.     Combe owed a duty to the Plaintiff and her husband Freddie Jones (deceased) to provide adequate warnings and instructions about the dangers associated with using the subject Just 5 Beard Dye and how to protect against these dangers.

75.     Combe breached the above duties.

76.     As a direct and proximate result of the foregoing negligence of Combe, and their actions and inactions, the Plaintiff sustained the damages complained of herein.

**WHEREFORE,** Plaintiff Marjorie Jones demands judgment for any and all damages available under Mississippi law against Defendant Combe and for such other and further relief deemed proper by the Court.

## DAMAGES

77.     All of the averments contained in paragraphs 1 through 76 are incorporated herein by reference as if fully set forth below.

78.     As a result of the Defendants' conduct, the Plaintiffs have suffered and seek recovery for the following damages:

14

   a.   Physical injuries;

   b.   Emotional and mental anguish and suffering;

   c.   Loss of enjoyment of life;

   d.   Economic losses, wages, and benefits;

   e.   Past, present and future medical and related expenses;

   f.   Past, present and future pain and suffering; and

   g.   All other damages recoverable under Mississippi law to be shown at the
        trial of this matter.

   79.   The negligence and above alleged acts and/or omissions of the Defendants were the

proximate and/or contributing cause of the Plaintiffs' injuries and damages.

   80.   The negligence and above alleged acts and/or omissions of the Defendants were the

proximate and/or contributing cause of the aforesaid incident complained of and the resulting

injuries to the Plaintiffs, and the acts and/or omissions of the Defendants constitute the combined,

concurrent and joint negligence and strict liability for which the Defendants are jointly and/or

severally liable to the Plaintiffs.


   RESPECTFULLY SUBMITTED, this the 31st day of August, 2022.

                                            PLAINTIFFS

                                            BY: _____
                                            BENJAMIN H. WILSON
                                            Attorney for Plaintiffs

BENJAMIN WILSON, ESQ., MSB#103586
JOSHUA D. MOORE, ESQ. (pro hac forthcoming)
Morgan & Morgan, PLLC.
4450 Old Canton Road, Suite 200

                                            15

Jackson, Mississippi 39211
Telephone: (601) 718-0940
Facsimile: (601) 949-3399
Email:   BWilson@ForThePeople.com

16

EXHIBIT ONE - COMPLAINT